UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ZHENG HUI DONG,                                    Case No.: 14-cv-2980-(ARR)(SMG)

           Plaintiffs,

    - against -                                    **SANTANDER CONSUMER USA,**
**INC.'S CROSS-CLAIM**

NEW YORK MOTOR GROUP, LLC, *et al.*

           Defendants.

SANTANDER CONSUMER USA, INC.,

           Cross-Claim Plaintiffs,

    - against -

NEW YORK MOTOR GROUP, LLC, PLANET
MOTOR CARS, INC., and MAMDOH ELTOUBI

           Cross-Claim Defendants.

    Defendant Santander Consumer USA, Inc. ("Santander"), in support of its Cross-Claims

states as follows:

    1.      Santander is an Illinois corporation with a primary place of business at

Thanksgiving Tower, 1601 Elm Street, Suite 800, Dallas, Texas 75201.

    2.      New York Motor Group LLC is a domestic limited liability company under the

laws of the State of New York.  Its principal place of business is located in Woodside, New

York, County of Queens.

    3.      Defendant Planet Motor Cars, Inc. is a corporation incorporated under the laws of

the State of New York.  Its principal place of business is located in Jamaica, New York, Queens

County of Queens.

4.      Mamdoh Eltouby is the owner of New York Motor Group and, upon information and belief, is the owner or has an ownership interest in Planet Motor Cars.  Upon information and belief, he is a resident of the State of New York.

5.      On information and belief, New York Motor Group and Planet Motor Cars are part of the same business venture, which is owned, operated and controlled by Mamdoh Eltouby. New York Motor Group and Planet Motor Cars are alter egos of each other and Mamdoh Eltouby in his individual capacity.

6.      Pursuant to a Non-Recourse Dealer Retail Agreement dated September 15, 2010, by and between Santander and Planet Motor Cars (the "Dealer Agreement"), the parties agreed that Santander would purchase retail installment sales contracts from Planet Motor Cars at its sole discretion.

7.      Pursuant to the Dealer Agreement, Planet Motor Cars made certain representations, warrants and agreements including, but not limited to, that (i) its business practices and operations are in compliance with all applicable federal, state and local laws, regulations and ordinances; (ii) immediately prior to the transfer, sale or assignment of a contract it has good, marketable and indefensible title to the vehicle; (iii) the contract sold is a valid, legal, binding obligation and is legally enforceable by Santander as assignee; (iv) all credit information supplied by it to Santander is true, complete and accurate; and (v) it does not know of any fact that indicates uncollectibility by Santander of a contract purchased by Santander.

8.      Planet Motor Cars also agreed in the Dealer Agreement to indemnify Santander and hold it "harmless from any claims, losses, damages, liabilities and expenses, including attorneys' fees and costs of litigation which relate to [the] Contract purchased by [Santander] and

arise from [Planet Motor Car's] breach or default under this Agreement, [Planet Motor Car's] conduct, the failure of the transaction to comply with [Planet Motor Car's] representations and warranties in Section 8, or result from any act or omission on the part of [Planet Motor Cars]."

9.     On information and belief, plaintiff Zheng Hui Dong is a resident of Bronx County, New York.

10.     On or about April 15, 2013, Ms. Dong purchased a 2010 Honda Civic (the "Vehicle") from Planet Motor Cars.  Santander understood from Planet Motor Cars that she paid for the vehicle in part through financing pursuant to the terms of a Retail Installment Contract (the "Contract").

11.     Planet Motor Car's rights in the Contract were thereafter assigned to Santander.

**FIRST COUNT**
**Indemnification**

12.     Santander incorporates by reference the preceding paragraphs of its Cross-Claims as if fully set forth herein.

13.     Ms. Dong has alleged that New York Motor Group, LLC, Planet Motor Cars, Inc. and Mamdoh Eltoubi (the Cross-Claim Defendants") engaged in a series of wrongful and illegal acts with respect to the Vehicle and the Contract, which misconduct is outlined in the Complaint in the above-captioned action.

14.     In particular, Ms. Dong alleges that the Cross-Claim Defendants stole Ms. Dong's identity to create a fraudulent loan obligation by forging her signature on the Contract and assigning the fake contract to Santander.  She further alleges that the Cross-Claim Defendants made material misrepresentations to Ms. Dong to induce her to purchase the Vehicle and to finance the purchase of it.

15.     Ms. Dong further alleges that Santander is liable for damages that were caused by the Cross-Claim Defendants.

16.     Santander has incurred losses, damages, liabilities, expense, attorneys' fees and costs of litigation as a result of the Cross-Claim Defendants' actions and the lawsuit filed by Ms. Dong.

17.     As a result, Santander is entitled to full indemnification by Cross-Claim Defendants pursuant to the Dealer Agreement.

18.     SCUSA made a demand for indemnification on Planet Motor Cars on or about June 23, 2014 by letter, which demand has been ignored.

**WHEREFORE**, Santander demands judgment in its favor in which Cross-Claim Defendants indemnify Santander and hold Santander harmless from any claims, losses, damages, liabilities and expenses, including attorneys' fees and costs of litigation which relate to the Vehicle transaction and Contract purchased by Santander and arise from Cross-Claim Defendants' breach or default under the Dealer Agreement, their conduct as alleged in this action, the failure of the vehicle transaction to comply with Planet Motor Car's representations and warranties in the Dealer Agreement, or result from any act or omission on the part of Cross-Claim Defendants and that Santander is entitled to its costs of suit, expenses, attorneys' fees; and, such other relief as this Court deems just and reasonable.

## SECOND COUNT
### Contribution

19.     Santander incorporates by reference the preceding paragraphs of its Cross-Claims as if fully set forth herein.

20.     Ms. Dong has alleged that Santander is liable for damages that were caused by the Cross-Claim Defendants.

21.     If Santander is held liable to Ms. Dong in this action, then Santander will be entitled to contribution from the Cross-Claim Defendants due to their wrongful acts, conduct, and/or omissions.

**WHEREFORE**, Santander demands judgment in its favor to the extent Santander is determined to owe any damages to Ms. Dong, then Santander is entitled to recover contribution from Cross-Claim Defendants in the full amount Santander is ordered to pay to plaintiffs; and that Santander is entitled to indemnification by Cross-Claim Defendants in the full amount of Santander's costs of suit, expenses, attorneys' fees, and other costs and fes incurred in the action; and, such other relief as this Court deems just and reasonable.

## DEMAND FOR JURY TRIAL

Santander hereby demands a jury trial on all issues triable by a jury.

SANTANDER CONSUMER USA, INC.,
By its attorneys:

/s/ Robert J. Brener
Robert J. Brener (RB 3764)
LECLAIRRYAN, A Professional Corporation
885 Third Avenue, Sixteenth Floor
New York, NY 10022
(212) 697-6555
Robert.Brener@leclairryan.com

Date:  May 15, 2015

5

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document, filed through the ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 15, 2015.


*/s/ Robert J. Brener*